**ANGINO LAW FIRM, P.C.**
Richard C. Angino, Esquire
I.D. No. 07140
4503 North Front Street
Harrisburg, PA  17110-1708
(717) 238-6791          FAX (717) 238-5610
E-MAIL: **RCA@ANGINOLAW.COM**
Attorneys for Plaintiff(s)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLORIA L. TROSTLE, Individually and as Administratrix of and the ESTATE OF DAVID A. TROSTLE, deceased | CIVIL ACTION - LAW |
| | JUDGE WILLIAM W. CALDWELL |
| Plaintiffs | NO. 1:16-CV-00156-WWC |
| v. | JURY TRIAL DEMANDED |
| CENTERS FOR MEDICARE AND MEDICAID SERVICES | ELECTRONICALLY FILED |
| Defendant | |

*Plaintiffs' Response to Defendant United States of America's Memorandum of Law in Support of its Motion to Dismiss*

*Table of Contents*

I. Procedural History ............................................................................................1

II. Factual Background........................................................................................2

III. Questions Presented .....................................................................................2

    A.    Does CMS have sovereign immunity against the claims in this this case?...............................................................................................2

    B.    Does the Court have jurisdiction over this case?...............................................................................................................2

    C.    Was there a final decision about Plaintiffs' claim......................2

    D.    Was Plaintiffs' reliance on CMS' conditional payment letters reasonable when they were used to settle the underlying case?...............................................................................................2

IV. Argument .......................................................................................................3

    A.    There Is No Sovereign Immunity Issue In This Case, Which Means That There Is Subject Matter Jurisdiction……………..3

    B.    This is Not an Issue Under the Medicare Act; It Is An Issue In Contract Law………………………………………………………4

    C.    Plaintiffs Were Reasonable in Relying Upon the Representations of CMS in Evaluating the Settlement……….7

V.    Conclusion………………………………………………………………9

*Table of Citations*

*Malia v. General Elec. Co.*, 23 F.3d 828, 830 (3d Cir. 1994)………….…...3

*Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990)……3

*Statutes*

42 U.S.C. § 405 (g)..…………………...…………………………….......3

Fed. R. Civ. P. 12(b)(6)…………………………………………………......3

I. *Procedural History*

This case arises out of the Centers for Medicare and Medicaid ("CMS") underreporting the amount they expected to recover on an underlying medical malpractice issue. On May 20, 2013, CMS reported that David A. Trostle owed only $725.17 in conditional payments to CMS. This number would rise over the course of the following year, but was still a mere $1,577.00 on the date of settlement. Mr. Trostle, and his attorney, reasonably relied upon CMS's valuation of the amounts owed when they settled Mr. Trostle's case for $225,000. This reliance proved to be faulty when CMS then increased their demand by over $50,000.

After CMS increased their demand, Plaintiffs attempted to follow CMS's policy and were denied relief. Plaintiffs then sought to escalate their claim to the next stage and were again denied relief. This time, they were told that they were denied because they had missed a filing deadline. At this time, the decision from CMS became final because Plaintiffs had no further appeal options through the administrative process. Plaintiffs then filed the instant suit on January 19, 2016.

576065

1

II. *Factual Background*

Plaintiffs have alleged all relevant facts in the Complaint.

III. *Questions Presented*

    A. Does CMS have sovereign immunity against the claims in this case?

        Suggested Answer:   No

    B. Does the Court have jurisdiction over this case?

        Suggested Answer:   Yes

    C. Was there a final decision about Plaintiffs' claim?

        Suggested Answer:   Yes

    D. Was Plaintiffs' reliance on CMS' conditional payment letters reasonable when they were used to settle the underlying case?

        Suggested Answer:   Yes

IV.  *Argument*

In considering a 12(b) Motion to Dismiss, the Court must consider "[a]ll facts alleged in the Complaint," or in this case Defendant's counterclaims, "and all reasonable inferences that can be drawn from them must be accepted as true." *Malia v. General Elec. Co.*, 23 F.3d 828, 830 (3d Cir. 1994). Additionally, "[d]ismissal under Rule 12(b)(6) for failure to state a claim is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved." *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990).

    A.   *There Is No Sovereign Immunity Issue In This Case, Which Means That There Is Subject Matter Jurisdiction.*

Plaintiffs have established subject matter jurisdiction in this case. While Plaintiffs acknowledge that this Court is one of limited jurisdiction, it is clear from CMS's own policies that they have consented to be sued in situations similar to this. As outlined in their policies, once a final determination has been made about a conditional payment letter appeal, CMS consents to be sued in Federal Court. 42

3

U.S.C. § 405(g). CMS acknowledges this in their brief, and then attempts to argue that their final decision is not actually a final decision so there is sovereign immunity, but at the same time it is enough of a final decision that Plaintiffs have no recourse whatsoever. This is clearly a logical fallacy which would be wholly inconsistent with justice.

Section C of the Defendant's brief is partially titled "Plaintiff, the Trostle Estate, **has not and can no longer** exhaust administrative remedies...." This argument not only requires the acknowledgement that CMS has consented to be sued on this issue, waiving any claims of sovereign immunity, but it also necessitates the recognition that there are no administrative remedies for the claims and they must be brought before this Court.

> B. *This is Not an Issue Under the Medicare Act; It Is An Issue In Contract Law.*

The Government is attempting to misstate the legal premise upon which this action is based. In working with CMS to determine the exact amount of money owed by Mr. Trostle for services rendered, his

attorneys were able to get statements from CMS, both in the form of conditional payment letters and the Medicare website, which is updated more regularly than the letters. These sources are supposed to be reliable and can then be used to determine what fees need to be paid to CMS. However, in this case, despite the nearly two years between his injury and settlement, CMS never bothered to change their numbers to reflect that Mr. Trostle's injuries were indeed from ingestion. The burden in that instance is on CMS, as it is there job to determine the amount owed and they have shown no case law which allows them to so dramatically change their quoted number after a settlement.

    The Medicare Act set up a system by which Defendants determination of the amount owed could be challenged. However, the system is incredibly flawed because it denies plaintiffs the necessary information fully evaluate their cases. The Defendant here attempts to shift the blame to Mr. Trostle for not notifying them that his claim was one "involving ingestion" but that is counter to the truth. By no later than April 16 2013, when Mr. Trostle's attorney was authorized to use the MyMedicare.gov website, CMS was on notice that Mr. Trostle's

injuries were related to the ingestion of the wrong prescription. They knew this because on the forms which must be submitted to Medicare in order to gain access to this website you are required to list the nature of the injury. Discovery will show that this form placed Medicare on notice of ingestion, which in turn made it unnecessary for Plaintiffs to reinstruct Medicare as to the nature of the injury.

CMS knew that Mr. Trostle's injuries came from ingestion. Even if they hadn't, neither Mr. Trostle nor his attorneys are doctors. This means that CMS would have been the better entity to determine the underlying cause of the injury and adjust their conditional payment number. By not doing this over the 14 months between the initial conditional payment letter and settlement of Mr. Trostle's claims, CMS created a situation where they encouraged Mr. Trostle to rely upon their representations in his settlement negotiations. This inducement to reliance is indicative of estoppel, and therefore is governed by contract law and not by the Medicare Act.

### C.  Plaintiffs Were Reasonable in Relying Upon the Representations of CMS in Evaluating the Settlement.

Part of CMS's purpose is to ensure that Medicare is reimbursed for any conditional payments which are outstanding. As such, there are individuals who deal with this issue on a daily basis, and the rationale assumption would be that these individuals are at least competent at their jobs and can determine what expenses should be included in conditional payment letters. CMS desires to place this burden on the insured, but the insured does not even directly receive the medical bills, let alone have the expertise to determine what should be charged and what should not be. The insured can do nothing more that inform CMS what the injuries are, as Mr. Trostle did when he put them on notice of his medical malpractice claim, and trust that CMS will conduct themselves professionally and responsibly.

In the instant case, CMS did not look into Mr. Trostle's case, despite their notice that it was for ingesting the wrong medicine, until after settlement. This settlement figure was determined so that all liens could be paid in full, and so that Mr. Trostle could be compensated for

7

his pain and suffering. By relying upon the representations of CMS, the figure of $225,000 was accepted. Had the lien information changed prior to settlement, the settlement figure would have changed accordingly.

CMS spends their brief attempting to place the blame on Mr. Trostle for their inability to update his lien information. This fails to explain how they suddenly knew that the case revolved around an ingestion issue and were able to add over $50,000 to his lien. If CMS truly never received notice that this was an ingestion issue prior to the settlement they certainly did not receive notice of the condition after settlement. In the paperwork they were sent they were told only of what the settlement was and how it was broken down. To then determine it was an ingestion shows one of two things: either they had previously been on notice and chose not to update their numbers, or they had the ability to determine Mr. Trostle's injury in advance of settlement but simply chose not to until the saw the size of the settlement. Neither of those two options place the burden on the Plaintiffs nor are they courses of action which should be supported by this Court.

## V. *Conclusion*

Wherefore, due to the fact that Defendants have accepted jurisdiction over contract actions, this case is based on contract law, Plaintiffs' reliance upon the conditional payment letters was reasonable, and Plaintiffs have no further recourse through the administrative process, Plaintiffs respectfully requests that the Court deny the Defense Motion to Dismiss.

                                      Respectfully submitted,

                                      ANGINO LAW FIRM, P.C.

Dated: July 22, 2016

                                      Richard C. Angino, Esquire
                                      Attorney ID#07140
                                      4503 North Front Street
                                      Harrisburg, PA 17110-1708
                                      (T) 717-238-6791
                                      (F) 717-238-5610
                                      E-mail: rca@anginolaw.com

*Certificate of Service*

I, Bonny R. Ellis, an employee of the Angino Law Firm, P.C. hereby certify that the foregoing document was electronically filed with the Clerk of the Court for the United States District for the Middle District of Pennsylvania using the CM/ECF system with electronic notice upon the following:

>D. Brian Simpson, Esquire
>Assistant U.S. Attorney
>U.S. Attorney's Office
>228 Walnut Street, Suite 220
>Harrisburg, PA 17108-1754
>D.Brian.Simpson@usdoj.gov

Dated: July 22, 2016

_____
Bonny R. Ellis, Legal Secretary